PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:12CR22 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DANIEL L. MILLER, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 85] |

Pending before the Court is Defendant Daniel L. Miller's *pro se* second Motion for Compassionate Release re First Step Act of 2018 (COVID-19). ECF No. 85. The Government submitted a response in opposition. ECF No. 86. The Court has reviewed the parties' filings, exhibits, and the applicable law. For the reasons stated below, Defendant's Motion for Compassionate Release (ECF No. 85) is denied.

**I. Background**

Defendant pled guilty to Count One of an indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). *See* ECF No. 35. The Court sentenced Defendant to a term of imprisonment of 151 months. ECF No. 35. Defendant is currently serving his prison sentence at USP Hazelton.[1]

---

[1] According to the Bureau of Prisons Inmate Locator, Defendant is currently incarcerated at USP Hazelton. *See* bop.gov/inmateloc/ (last visited Nov. 1, 2022). His anticipated release date is September 2, 2023. USP Hazelton houses 1,603 inmates. *See* https://www.bop.gov/locations/institutions/haz/ (last visited Nov. 1, 2022). As of November 1, 2022, 1 staff member, but no inmates have confirmed active cases of COVID-

(1:12CR22)

The Court denied Defendant's first Motion for Compassionate Release on its merits on July 2, 2021.  ECF Nos. 77, 82.  In his second Motion for Compassionate Release, Defendant provides the Court with very little information to consider.  Two of Defendant's arguments are the same as those he raised in his first motion, including the effects of changes in sentencing statutes and COVID-19 concerns.  ECF No. 85 at PageID #: 492.  The only new argument Defendant raises is that he should be given a sentence reduction because he has served more time than what is provided for in the original sentencing guidelines range.  ECF No. 85 at PageID #: 492–93.

The Government rebuts all of Defendant's arguments.  First, the Government contends that Defendant cannot re-argue that changes in sentencing statutes constitute extraordinary and compelling circumstances.  Regarding Defendant's point about the negative impact of COVID-19, the Government informed the Court that Defendant is vaccinated as evidenced by his previously docketed immunization record.[2]  ECF No. 81-1 at PageID #: 473.  Thus, the Government argues that COVID-19 is not a valid "extraordinary and compelling reason" to grant Defendant compassionate release.  Lastly, the Government concedes that "a small portion [left] of a sentence may contribute toward granting an inmate early release providing the § 3582(c)(1)(A) and § 3553(a) factors were met."  ECF No. 86 at PageID #: 497.  However, for this argument to work in favor of Defendant, the Government stresses that "extraordinary and compelling reasons" must still exist separately, and none are apparent on the face of Defendant's motion.  ECF No. 86 at PageID #: 497.

---

19.  No inmates or staff have died, and 78 inmates and 284 staff have recovered from COVID-19.  See bop.gov/coronavirus/ (last visited Nov. 1, 2022).

[2] Defendant has received two doses of the COVID-19 Pfizer-BioNTech vaccine. ECF No. 81-1 at PageID #: 473.  He provides no evidence that boosters are unavailable.

2

(1:12CR22)

## II. Legal Standard

"Title 18 U.S.C. § 3582(c)(1)(A) allows courts, when 'warrant[ed]' by 'extraordinary and compelling reasons[,]' to reduce an incarcerated person's sentence." United States v. McCall, 20 F.4th 1108, 1111 (6th Cir. 2021) (quoting United States v. Jones, 980 F.3d 1098, 1104 (6th Cir. 2020). "This is known as 'compassionate release,' and although it has existed since 1984, courts 'rarely considered' motions until 2018 because [before then] 'a court [could] grant relief *only*' " on a motion by the Federal Bureau of Prisons ("BOP"). Id. (quoting United States v. Ruffin, 978 F.3d 1000, 1003 (6th Cir. 2020)). "In 2018, the First Step Act revised § 3582, allowing incarcerated persons to file motions for compassionate release in federal court without BOP approval" after either exhausting the BOP's administrative process or waiting at least thirty days for a response from their warden. Id. (citing Jones, 980 F.3d at 1105). "This procedural change, paired with COVID-19's devastating surge through our nation's prisons, has caused a sharp increase in both filings and grants of compassionate-release motions." Id. (citing Jones, 980 F.3d at 1105).

"A court may grant compassionate release when it finds three requirements are satisfied." Id. "First, the court must 'find[ ]' that 'extraordinary and compelling reasons warrant' a sentence reduction." Id. (citing Jones, 980 F.3d at 1107 – 08). "Second, the court must 'find[ ]' that 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" Id. (citing Jones, 980 F.3d at 1108). United States Sentencing Guideline ("USSG") 1B.13 "is not an 'applicable' policy statement in cases [in which] incarcerated persons file their own motions in district court for compassionate release," so district courts "may skip step two of the § 3582(c)(1)(A) inquiry." United States v. Pegram, 843 F. App'x 762, 764 (6th Cir. 2021) (citing Jones, 980 F.3d at 1101, 1111). "Third, the court must 'consider any

3

(1:12CR22)

applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" McCall, 20 F.4th at 1111 (citing Jones, 980 F.3d at 1108). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." United States v. Owens, 996 F.3d 755, 759 (6th Cir. 2021) (quoting United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)).

### III. Discussion

#### A. Exhaustion

Defendant has not provided any information or supplemental exhibits to indicate whether or not he has exhausted his administrative remedies. He has neither supplemented his Motion with a denial from the warden nor shown that he has waited the required thirty days for a response from the warden. The Government does not address this factor in its opposition. Given the lack of information on this factor, the Court can properly deny Defendant's Motion on the lack of exhaustion of administrative remedies alone.

#### B. Extraordinary and Compelling Reasons

Even if the Court were to give Defendant the benefit of the doubt with regard to the exhaustion factor, the Court must still consider "whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Jones, 980 F.3d at 1109. Defendant provides two reasons he claims to be "extraordinary and compelling" enough to justify a reduction in his sentence. First, Defendant re-argues that changes in sentencing statutes constitute "extraordinary and compelling" circumstances that merit his early release. Second, Defendant raises COVID-19 as another "extraordinary and compelling" reason that warrants his release. Both of these arguments are

(1:12CR22)

regurgitated from his first motion. Neither persuade the Court to deviate from its prior determination that Defendant's first motion did not present "extraordinary and compelling" reasons for compassionate release. Therefore, the Court finds that Defendant has not provided "extraordinary and compelling" reasons in his current motion to warrant an early release.[3]

### IV. Conclusion

Finding that Defendant's Motion does not satisfy any of the requisite factors for compassionate release, the Court denies Defendant's Motion for Compassionate Release (ECF No. 85) on the merits.

IT IS SO ORDERED.

November 1, 2022  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
  United States District Judge

---

[3] Because Defendant has not established exhaustion of administrative remedies and "extraordinary and compelling" reasons justifying compassionate release, the Court need not reach the specific application of the 18 U.S.C. § 3553(a) factors, which were not discussed in either parties' filings.

5